IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| TYRONE B. GREEN, | : |
| | : |
| Plaintiff, | : |
| | : |
| VS. | : |
| | : CIVIL ACTION NO. 5:16-CV-36 (MTT) |
| Warden CEDRIC B. TAYLOR, | : |
| *et al.*, | : |
| | : |
| Defendants | : |

## ORDER

Plaintiff **TYRONE B. GREEN**, an inmate at Baldwin State Prison in Hardwick, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff also seeks leave to proceed in this action without prepayment of the $350.00 filing fee. Upon consideration of these pleadings, the Court finds that Plaintiff may not proceed *in forma pauperis* because at least four of his prior federal lawsuits were dismissed for failure to state a claim, failure to exhaust, or abuse of the judicial process and count as "strikes" under 28 U.S.C. § 1915(g). His Motion to Proceed *in forma pauperis* is accordingly **DENIED**, and his Complaint is **DISMISSED WITHOUT PREJUDICE** for this reason and as a sanction for his providing false and misleading information to the Court.

I.  **Motion to Proceed *in forma pauperis***

Plaintiff has moved for leave to proceed without prepayment of the filing fee. Federal law prohibits a prisoner from bringing a civil action in federal court *in forma pauperis*

1

> if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This is known as the "three strikes provision." Under § 1915(g), a prisoner incurs a "strike" any time he has a federal lawsuit or appeal dismissed on the grounds that it is frivolous or malicious or fails to state a claim. *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999). If a prisoner incurs three strikes, his ability to proceed *in forma pauperis* in federal court is greatly limited: Leave may not be granted unless the prisoner alleges an "imminent danger of serious physical injury." *Id.*

A review of court records on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") database reveals that Plaintiff has filed many lawsuits in federal court and that at least four of his complaints were dismissed for failure to state a claim, failure to exhaust, or abuse of the judicial process.[1] Because of this, Plaintiff may not proceed *in forma pauperis* unless he can show that he qualifies for the "imminent danger" exception in § 1915(g). *See Medberry*, 185 F.3d at 1193.

To invoke the exception a prisoner must allege specific facts that describe "an ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Sutton v. Dist. Atty's Office.*, 334 F. App'x 278, 279 (11th Cir. 2009). Complaints of a past injury that is not recurring is not sufficient to show imminent danger. *Medberry,* 185 F.3d at 1192-93. The imminent danger exception is to be applied only in "genuine emergencies," when (1) "time is pressing," (2) the "threat or

---

1 *See Green v. Lumpkin*, *et al*, 5:15-CV-148 (CAR) (M.D. Ga. July 14, 2014) (ECF No. 7) (listing strikes).

prison condition is real and proximate," and (3) the "potential consequence is serious physical injury."  *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

The only misconduct about which Plaintiff complains is allegedly deficient medical care following his September 24, 2015 fall.  Plaintiff made the same allegations in a complaint he filed in this Court on November 24, 2015.  *Green v. Taylor*, 5:15-CV-441 (CAR) (M.D. Ga. November 24, 2015) (ECF No. 1).  When the Court denied his motion to proceed *in forma pauperis* in that action, it explained:

> His complaint … makes no allegation that the improper treatment has continued since the September 24th incident or that he has experienced any other effects from the fall. While Plaintiff's epilepsy is a serious condition, he does not complain about the treatment of this condition or that it constitutes an imminent danger. Further, although Plaintiff suffered an unfortunate injury, he does not allege "a pattern of misconduct on the part of prison officials" as a result of this isolated incident.

*Green v Taylor*, 5:15-CV-441 (CAR) (M.D. Ga. December 4, 2015) (ECF No. 5 at 3) (citations omitted)

The same is true for Plaintiff's current complaint.  Plaintiff makes the same allegations with the only difference being he has added the words "imminent danger" to the heading of his complaint and states the "defendants was/are imminent danger to the plaintiff."  (ECF No. 1 at 5).  Simply adding the buzz words, "imminent danger" does not qualify Plaintiff for the "imminent danger" exception in § 1915(g).  Conclusory allegations of imminent danger are not sufficient to bar the application of the three strikes rule.  *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004) (quoting *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003)).  Thus, Plaintiff's motion to proceed *in forma pauperis* is **DENIED**.  When the district court denies a prisoner leave to proceed *in forma*

*pauperis* pursuant to § 1915(g), the proper procedure is for the court to dismiss the complaint without prejudice.  *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

## II. Failure to Disclose Litigation History

Another reason the Court dismissed Plaintiff's November 24, 2015 complaint was "his failure truthfully to complete the section 1983 complaint form." *Green v Taylor*, 5:15-CV-441 (CAR) (M.D. Ga. December 4, 2015) (ECF No. 5 at 3).  Plaintiff had not listed any of his previous lawsuits.  Plaintiff was informed that Rule 11 of the Federal Rules of Civil Procedure "forbids lying in pleadings, motions, and other papers filed with the court" and that the penalty for such was dismissal of his complaint.  *Green v Taylor*, 5:15-CV-441 (CAR) (M.D. Ga. December 4, 2015) (ECF No. 5 at 3) (citations omitted)  Despite this recent warning, Plaintiff did the same thing again in this complaint.  Plaintiff failed to list the November 2015 lawsuit discussed above, or any of his other 42 U.S.C. § 1983 lawsuits.  *Green v. Lumpkin*, 5:15-CV-148 (CAR) (M.D. Ga. April 27, 2015); *Green v. Taylor*, 5:14-CV-303 (CAR) (M.D. Ga. Aug. 18, 2014); *Green v. Douglas Police Dep't*, 5:14-CV-24 (LGW) (S.D. Ga. March 17, 2014); *Green v. Sedgwick Pligrain Pride*, 5:14-CV-9 (LGW) (S.D. Ga. Jan. 28, 2014); *Green v. Bennett*, 5:00-CV-8 (WTM) (S.D. Ga. Feb. 9, 2000); and *Green v. Bennett*, 5:99-CV-29 (WTM) (S. D. Ga. Feb. 26, 1999). Given the number of lawsuits Plaintiff failed to disclose and the fact that Plaintiff, as recently as December 2015, had a lawsuit dismissed for this very reason, *Green v Taylor, 5:15-CV-441* (CAR) (M.D. Ga. December 4, 2015), the Court cannot find Plaintiff's failure was an accident or mere oversight.  Even if Plaintiff was honestly unable to remember the case numbers or the dates the lawsuits were filed, Plaintiff was undoubtedly

4

aware that he had filed more lawsuits than shown on the complaint and was required to at least disclose this fact.

Therefore, even if Plaintiff had alleged facts sufficient to show imminent danger, his complaint would still be subject to dismissal.

### III. Conclusion

Leave to proceed *in forma pauperis* is thus **DENIED** pursuant to § 1915(g), and Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** for this reason and for Plaintiff's submission of false information about his litigation history.

**SO ORDERED**, this 3rd day of February, 2016.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT